# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01332 AHM (FFMx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | STATE FARM MUTUAL AUTO. INS. CO., et al. v. SLAVIK STEIN, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:  Attorneys **NOT** Present for Defendants:

**Proceedings:** IN CHAMBERS (No Proceedings Held)

This case is before the Court on the motion for summary judgment filed by third-party respondents Marina Stein ("Marina"[1]) and Field Chasers, Inc. (collectively "Respondents"). For the reasons set forth below, the Court DENIES the motion.[2]

## I. BACKGROUND

This case arises from the decade-long efforts of plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas (collectively "State Farm") to collect on a multi-million dollar judgment against Slavik Stein ("Slavik"). State Farm obtained the judgment in 2001 after a federal district court in Texas found Slavik liable for perpetrating an insurance scam involving staged automobile accidents that led to fraudulent insurance claims. In addition to his civil liability for the insurance scam, Slavik was criminally prosecuted, convicted, and sentenced to 18 months in federal prison. State Farm certified its judgment in this district on January 22, 2002. The judgment remains unsatisfied.

As relevant to Respondents' motion for summary judgment, State Farm alleges that Slavik has been fraudulently transferring his assets to Marina, and various of her business entities, including Field Chasers, Inc., in an effort to avoid his obligations as a judgment-

---

[1] For clarity's sake, the Court refers to Slavik and Marina Stein by their first names.

[2] Docket No. 71.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01332 AHM (FFMx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | STATE FARM MUTUAL AUTO. INS. CO., et al. v. SLAVIK STEIN, et al. | | |

debtor to State Farm. Slavik and Marina were divorced on September 20, 2000, in the midst of the civil and criminal litigation arising from Slavik's insurance scam. Respondents contend that Slavik is a judgment-debtor of Marina as a result of their divorce, and that all of Slavik's post-divorce asset transfers to Marina "were made to satisfy Slavik's obligations under the Judgment of Dissolution, not to defraud any creditors." Motion at 2. State Farm argues that the divorce was a sham.

## II.   LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01332 AHM (FFMx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | STATE FARM MUTUAL AUTO. INS. CO., et al. v. SLAVIK STEIN, et al. | | |

When the moving party meets its burden, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the opposing party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## III. ANALYSIS

Respondents have framed their motion for summary judgment narrowly. They contend that State Farm can produce no evidence in support of its claims for fraudulent transfer because "each of the transfers from Slavik to Marina were made at a time when Marina was Slavik's judgment creditor [by virtue of their divorce], and was made to satisfy his judgment-created debt to her. Her judgment predated [State Farm's]; he never even came close to satisfying his obligations under the dissolution judgment; Marina was and remains Slavik's judgment creditor; and there is no basis in law or in fact for [State Farm] to take advantage of Slavik's decision to discharge his support obligations to Marina rather than to pay [State Farm]." Motion at 2. In Respondents' Statement of Uncontroverted Facts ("SUF"), the first substantive fact relied upon by Respondents is that Slavik and Marina separated on December 1, 1998 and were divorced in Los Angeles, California on September 20, 2002. SUF ¶ 5.

Assuming that the facts relied upon by Respondents were truly undisputed, they might be entitled to judgment in their favor. But that is not the case here. State Farm has presented more than sufficient evidence to create a genuine issue of material fact on a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01332 AHM (FFMx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | STATE FARM MUTUAL AUTO. INS. CO., et al. v. SLAVIK STEIN, et al. | | |

number of points, including whether the "divorce" of Slavik and Marina was a mere ploy to transfer Slavik's assets out of reach of his creditors. Statement of Genuine Issues ("SGI") ¶ 5.[3] That evidence includes, but is not limited to, the following facts:

- Slavik and Marina resolved their purported divorce through a stipulation that provided for an unequal division of community property in favor of Marina and determined Slavik's child and spousal support obligations. *Id.*
- Marina visited Slavik while he was in prison, and Slavik lived with her for at least a brief period of time after he was released from prison. *Id.*
- Marina admits that she permitted Slavik to use her credit cards after the divorce and that Slavik "paid for some of his use." Declaration of Marina Stein ¶ 7. According to Marina, "to the best of [her] memory, [Slavik's] use did not exceed $10,000 in the aggregate." *Id.*
- Credit card statements from 2007 and 2008 reflect that Marina and Slavik traveled together to Switzerland and Puerto Vallarta, Mexico. *Id.*
- Approximately two-and-a-half years ago, Slavik and Marina vacationed together in Cancun, Mexico and shared a room during the trip. *Id.*
- Marina's bank statements from June 2007 through April 2010 reflect her bank account was in the name of Marina *and* an "S. Stein." *Id.*

If State Farm's evidence concerning Slavik and Marina's "divorce" is to be believed, and all justifiable inferences are drawn in State Farm's favor, then State Farm has created a triable issue of fact regarding whether the divorce was a sham intended to shield Slavik's assets. Respondents' motion for summary judgment depends upon their assertion that the divorce was genuine and pursued in good faith, such that Slavik is Marina's judgment debtor. Since State Farm has presented sufficient evidence to dispute

---

[3] Respondents object to the Declaration of Neal H. Levin and all of its exhibits in support of the SGI on the ground that Levin cannot properly authenticate the attached business records (received in response to subpoenas) and deposition transcripts. The Court overrules this general objection. As State Farm points out, the Court's Case Management Order provides that the Court will accept counsel's authentication of deposition transcripts and the receipt of documents in discovery. The Court also overrules Respondents' objections to specific exhibits on the grounds of authentication, hearsay, and relevance. The exhibits have been sufficiently authenticated, the relevant portions are not inadmissible hearsay, and they clearly are relevant.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01332 AHM (FFMx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | STATE FARM MUTUAL AUTO. INS. CO., et al. v. SLAVIK STEIN, et al. | | |

that fact, there is no need to continue through the rest of Respondents' purportedly undisputed facts.[4]

## III. CONCLUSION

Based on the foregoing, Respondents' motion for summary judgment is DENIED because State Farm has presented evidence sufficient to create a genuine issue of material fact for trial.

The parties are ORDERED to file a stipulation on or before July 11, 2011, setting forth the parties' proposed dates for the final pretrial conference and the trial date.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[4] In the last sentence of Respondents' Motion, they ask the Court to enter partial summary judgment in their favor if the Court "believes that there could in reality be a dispute among the competing judgment creditors in this case . . . ." Motion at pp. 6-7. The proposed partial summary judgment would limit State Farm's recovery against Marina to the aggregate sum of Slavik's support obligations paid to Marina under the terms of their divorce settlement. The Court concludes that State Farm has presented sufficient evidence (e.g., of joint bank accounts and joint credit card use) to create a genuine dispute as to the extent of Slavik's asset transfers above and beyond his support payments. On that basis, the Court denies Respondents' briefly-stated request for partial summary judgment.